**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EURAINA S. JERRY | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CRISIS INTERVENTION TEAM, *et al.* | : | NO. 21-3598 |

**MEMORANDUM**

BARTLE, J.                                                        SEPTEMBER  16, 2021

This matter comes before the court by way of a Complaint (ECF No. 2) submitted by Plaintiff Euraina S. Jerry, proceeding *pro se*.  Also before the court is Jerry's Application to Proceed *In Forma Pauperis* (ECF No. 1).  Because it appears that Jerry is unable to afford to pay the filing fee, the court will grant her leave to proceed *in forma pauperis*.  For the following reasons, any civil rights claim raised in the Complaint will be dismissed with prejudice and the court will decline to exercise supplemental jurisdiction over any state law claim.[1]

### I.      FACTUAL ALLEGATIONS

In the Complaint, Jerry alleges that on or about March 1, 2021, she traveled to Annapolis, Maryland and stayed in an unnamed hotel and casino while she visited the area.  (ECF No. 2 at 4.)[2]  It appears that while she was in the hotel and casino in Annapolis, she brought up the fact

---

1. Jerry has also filed a pleading she labeled a "Memorandum."  (*See* ECF No. 4.)  In the pleading she repeats certain allegations contained in the Complaint and adds additional allegations.  It does not appear that she intended this pleading to serve as an amended complaint since it does not appear to be a complete account of her claims.  Accordingly, the court will treat the pleading merely as a supplement to the Complaint, rather than as a superseding amended complaint.

2. The court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

that she was "continuing to feel vibrations in [her] left arm" and that this resulted in a "conversation about assisting [her] to an emergency room[.]"[3]  (*Id.*)  It is unclear who Jerry spoke to at the hotel and casino at that time, but she alleges that this conversation "somehow [led] to an officer & a 'Crisis Intervention Team' deceitfully driving [her] to 'Arundel Psychiatric Medical Center.'"  (*Id.*)  While at Arundel, Jerry claims that she was "told that [she] was being held as a threat to [herself] and other[s] by the state of Maryland."  (*Id.*)  Jerry contends that her hospitalization at Arundel was against her will, and that now she is "being charged as though [she] was a patient who came [in] voluntarily[.]"  (*Id.* at 4-5.)

Jerry's Complaint names the following defendants:  (1) the Crisis Intervention Team in Maryland; (2) Luminis[4] Health Anne Arundel Medical Center, located in Annapolis, Maryland; (3) Dr. Yan Zhang, a neurologist in Philadelphia, Pennsylvania; and (4) Dr. Hurwitz, an emergency room doctor also in Philadelphia.  (*Id.* at 3.)  Jerry alleges that she is a citizen of the state of Pennsylvania, and that defendants are citizens of Maryland and Pennsylvania.  (*Id.* at 4.)  She claims that she is "suing for fraud & civil rights violation[s], [and] defamation of character[.]"  (*Id.* at 4.)  As relief on her claims, she asks the court to "cancel [the] medical debts" she is "being charged" by Luminis which appears to be approximately $250 that was charged for a psychiatric diagnostic evaluation on March 1, 2021.  (*Id.* at  5, 8, 10.)

---

3.  Although the Complaint is a bit unclear, it appears from Jerry's allegations that some time prior to March 1, 2021, she was seen by defendant Dr. Yan Zhang and his "technician, Mari-Ann" for an "'EMG' appointment" in Philadelphia.  (*Id.* at 5.)  As a result of this "'EMG' appointment," Jerry asserts that "[s]ome thing was done to [her] head . . . via computerized [sic] that's . . . now causing [her] to pick up vibrations, along with electricity between [her] nerves being rotated."  (*Id.*)  She asks the court to appoint a neurologist to examine her and "find out what was done to [her] starting from" her EMG appointment with Dr. Zhang.  (*Id.*)

4.  The Complaint incorrectly spells the name of this defendant as "Luminus" Health. Attachments to the Complaint indicate that the correct spelling is Luminis.  (ECF No. 2 at 8.)

## II.      STANDARD OF REVIEW

Jerry's application to proceed *in forma pauperis* is granted because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the Complaint if it fails to state a claim.  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Jerry is proceeding *pro se*, the court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.      DISCUSSION

### A.      Civil Rights Claims

In her Complaint, Jerry asserted that the sole basis for the exercise of jurisdiction by this court over her claim is diversity jurisdiction.  *See* 28 U.S.C. § 1332(a) (granting a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").  However, because Jerry asserts that she is "suing for . . . civil rights violation[s]", (*see* ECF No. 2 at 4), the court will liberally construe the Complaint as seeking to  allege a civil rights violation under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Jerry does not allege that any named defendant is a "state actor" subject to liability for civil rights violations.  Moreover, none is identified in any way that would associate them with state action concerning her psychological diagnosis and treatment.  Numerous courts have held that private medical care facilities and doctors who are involved in involuntary psychological treatment are not state actors because the three tests outlined above are not met.  *See, e.g., Manley v. Augusty*, Civ. A. No. 00-4904, 2001 WL 410659, at *2 (E.D. Pa. Apr. 23, 2001) (holding that clinic and attending doctors were not state actors in case where plaintiff was involuntarily committed) (citing *Janicsko v. Pellman,* 774 F. Supp. 331, 339 (M.D. Pa. 1991),

*affirmed*, 970 F.2d 599 (3d. Cir.1992) ("this court cannot say that the involuntary commitment of the mentally ill by private physicians and hospitals is . . . a function compelled by or sufficiently connected to state directives to attribute those actions to the state"); *Bodor v. Horsham Clinic Inc.,* Civ. A. No. 94-7210, 1995 WL 424906 (E.D. Pa. July 19, 1995) (holding that the involuntary commitment of the mentally ill in the Horsham Clinic does not constitute state action for the purposes of § 1983); *Covell v. Smith,* Civ. A. No. 95-501, 1996 WL 750033 (E.D. Pa. Dec. 30, 1996) (same)).  Accordingly, to the extent Jerry alleges that she is suing for violations of her "civil rights" and the Complaint can be construed to raise a claim under § 1983, the claim is not plausible and is dismissed with prejudice.

### B.  State Law Claims

Because the court has dismissed Jerry's federal claims, the court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the

plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72

(1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140,

1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete

diversity between the parties and that the amount in controversy requirement has been

met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Although the Complaint is disorganized, confusing, and disjointed, the court understands

Complaint to allege state law claims based on Jerry's disagreement with the medical diagnosis

and treatment she received from Luminis while at Arundel, and the associated costs which

Luminis is attempting to collect from her.  (*See* ECF No. 2 at 4-5) (asserting that the suit is based

on "fraud" and "defamation of character" and asking the court to "cancel [the] medical debts"

Jerry is being charged by Luminis).  Based on these allegations, this court lacks subject matter

jurisdiction over Jerry's claims, which arise under state law.  Jerry alleges the defendants are

citizens of Maryland and Pennsylvania.  With respect to her own citizenship, Jerry has also

alleged that she is a citizen of Pennsylvania.  Moreover, the amount in controversy is alleged to

be only $250, the amount Jerry was charged for a psychiatric diagnostic evaluation.  Because the

parties are not completely diverse and the amount in controversy is insufficient, Jerry has failed

to meet her burden to demonstrate a basis for diversity jurisdiction.  Accordingly, Jerry's state

law claims will be dismissed without prejudice for want of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Jerry leave to proceed *in forma pauperis*

and dismiss any civil rights claim she has attempted to raise in the Complaint with prejudice.

Jerry's state law claims will be dismissed without prejudice to her right to refile her claims in the

proper state court.  An appropriate Order follows.